United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Natarajan Venkataram, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 16-24502-Civ-Scola |
| Bureau of Prisons, and others, | ) |
| Defendants. | ) |

### Order on Report of Magistrate Judge

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a Report and Recommendation on any dispositive matters. On January 16, 2018, Judge White issued a report recommending that, upon the Defendants' motion to dismiss (ECF No. 45), the Plaintiff's Final Amended Complaint (ECF No. 17) be dismissed without leave to amend. (Report of Magistrate Judge, ECF No. 62.) The Plaintiff did not file any objections to Judge White's report and the time to do so has passed.

The Court has considered Judge White's report, the record, and the relevant legal authorities. The Court **adopts in part** Judge White's recommendations and **dismisses** the Plaintiff's complaint for lack of subject matter jurisdiction.

### 1. Factual Background

The Plaintiff, proceeding *pro se*, has filed multiple versions of his complaint with this Court. The Plaintiff's latest and operative complaint, the Final Amended Complaint, was filed on December 30, 2016. (Final Am. Compl., ECF No. 17.) The Plaintiff's Final Amended Complaint names the following Defendants: (1) the federal Bureau of Prisons ("BOP"); (2) B.H. Romero, the Warden of the Miami Federal Prison Camp ("Miami-FPC"); (3) Tracie Jenkins, the Supervisory Chaplain of Miami-FPC; (4) J. Hollingsworth, the Warden of the Fort Dix Federal Correctional Institution ("FCI-Ft. Dix"); and (5) Christine Dynan, the Associate Warden of FCI-Ft. Dix. (*Id.* at ¶¶ 2–6.) The Plaintiff generally alleges that he was denied dietary accommodations that met the requirements of his Hindu faith while other inmates of other faiths were granted such accommodations. (*Id.* at ¶ 9.) The Plaintiff also alleges that he filed numerous grievances and exhausted his administrative remedies at both FCI-Ft. Dix and FPC-Miami in an attempt to obtain meals that complied with

the strictures of his Hindu beliefs. (*Id.* ¶¶ 12–16.) Count One of the Amended Complaint asserts a claim against the four individually named defendants for violating the Plaintiff's rights under the Equal Protection Clause of the Constitution. (*Id.* ¶¶ 24–32.) Count Two asserts a claim against the BOP under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, *et seq.* (*Id.* ¶¶ 33–43.) Count Three asserts a claim against the BOP under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, *et seq.* (*Id.* ¶¶ 44–50.) The Plaintiff requests declaratory relief as well as compensatory and punitive damages. (*Id.* ¶¶ 51–53.)

The Court previously reviewed a report and recommendation from Judge White regarding the Plaintiff's Final Amended Complaint (ECF No. 18) that was issued upon an initial screening of the complaint in accordance with 28 U.S.C. § 1915. On February 27, 2017, the Court adopted in part and declined to adopt in part that report. (Order on Report of Magistrate Judge, ECF No. 23.) The Court adopted Judge White's recommendations to: "(1) permit the Plaintiff's First Amendment and RFRA claims to proceed; (2) permit the Plaintiff's request for declaratory relief to proceed; (3) dismiss the Plaintiff's Equal Protection, Eighth Amendment, and FTCA claims; and (4) dismiss the Plaintiff's requests for compensatory and punitive damages." (*Id.* at 4.) The Court declined to adopt Judge White's recommendation to dismiss Defendants Hollingsworth and Dynan due to improper joinder. (*Id.*)

Following the Court's order, the Defendants filed a motion to dismiss the operative complaint. (Defendants' Motion to Dismiss, ECF No. 45.) Plaintiff filed a response in opposition (ECF No. 49), which the Defendants replied to (ECF No. 50). Plaintiff filed a sur-reply. (Plaintiff's Sur-reply, ECF No. 55.) On January 16, 2018, Judge White issued a report and recommendation on the Defendants' motion to dismiss, in which he recommends the dismissal of the Plaintiff's complaint without leave to amend. (Report, ECF No. 62.)

## 2. Standard of Review

When reviewing a magistrate judge's report and recommendation, a district court must conduct a de novo review of "those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection[s] is made." 28 U.S.C. § 636. If no objections are made, a report may be adopted in full without the district court conducting a de novo review. Instead, a district court must only ensure there is no clear error to accept the recommendation. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

### 3. Recommendations

Judge White's report recommends that: (1) the Plaintiff's complaint be dismissed because it is a "shotgun pleading" (Report, ECF No. 62 at 9–10); (2) the Plaintiff's claims against the individual defendants from FCI-Ft. Dix be dismissed for lack of personal jurisdiction (*id.* at 12–21); (3) the Plaintiff's claims against the individual defendants from Miami-FPC be dismissed for lack of exhaustion of administrative remedies (*id.* at 21–28, 33–40); (4) any claim for injunctive relief be dismissed as moot (*id.* at 41–42); (5) any attempt to request nominal damages be denied (*id.* at 42–44); (6) the Plaintiff's *Bivens* action based on a violation of his First Amendment rights be dismissed (*id.* at 44–52); and, (7) the Plaintiff's RFRA claim be dismissed.

Although Judge White's report is thorough, it entertains certain arguments that were unnecessarily raised by the Defendants. As previously noted, the Court permitted the Plaintiff to proceed only with a First Amendment claim and the RFRA claim against the BOP for declaratory relief. (Order, ECF No. 23 at 4.) As a result, the Court addresses and adopts only the relevant portions of Judge White's report.

### A. Recommendation as to the Plaintiff's First Amendment Claim

At the onset of his report, Judge White states that upon closer review of the Final Amended Complaint, the Plaintiff did not allege a First Amendment claim. (Report, ECF No. 62 at 6.) The Court agrees that the Plaintiff's complaint does not allege a First Amendment claim despite previous statements by the Court suggesting otherwise. Although the Plaintiff may have alleged a First Amendment claim in a previous iteration of his complaint, the Plaintiff's failure to include such a claim in his Final Amended Complaint prevents the Court from allowing such a claim to proceed. *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER,* 463 F.3d 1210, 1215 (11th Cir.2006)); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading.").

Nonetheless, Judge White provides a lengthy discussion on a First Amendment claim, despite his initial recognition that no First Amendment

claim has been alleged in the Plaintiff's complaint. (Report, ECF No. 62 at 50–52.) The Court declines to adopt this discussion.

**B. Recommendation as to the Plaintiff's RFRA Claim**

Judge White recommends that the Plaintiff's RFRA claim be dismissed and that any claim for injunctive relief should be dismissed as moot. (Report, ECF No. 62 at 40–41, 52–55.) The Court considers Judge White's discussion on the mootness of claims seeking injunctive or declaratory relief applicable to the Plaintiff's RFRA claim, since the Court only allowed claims for declaratory relief to proceed and such relief can be sought under the RFRA. *See* 42 U.S.C. § 2000bb-1(c) ("A person whose religious exercise has been burdened in violation of this section may . . . obtain *appropriate relief* against a government.") (emphasis added); *Davila v. Gladden*, 777 F.3d 1198, 1207 (11th Cir. 2015) (recognizing that "it is uncontroversial that the 'appropriate relief' language [from 42 U.S.C. § 2000bb-1(c)] authorizes injunctive relief"). Doing so, the Court concludes that the RFRA claim is moot because the Plaintiff is no longer in the BOP's custody.

The Court initially clarifies that the Plaintiff's RFRA claim was asserted against the BOP, as indicated by the face of the Final Amended Complaint, despite suggestions in Judge White's report that perhaps the Plaintiff intended to bring an RFRA claim against the individual defendants. (*See, e.g.,* Report, ECF No. 62 at 39, 46, 54–55.) Any suggestion by Judge White that the Plaintiff alleged an RFRA claim against the individual defendants is erroneous. Although the Defendants raised hypothetical arguments about an RFRA claim against the individual defendants, the Court rejects any attempts by the Defendants to redraft the Plaintiff's claim and seek dismissal on that basis.

Turning to the Plaintiff's RFRA claim against the BOP, the Court holds that the claim is now moot. Generally, a plaintiff's release from prison moots his individual claim for declaratory and injunctive relief. *See, e.g., Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985); *McKinnon v. Talladega Cty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984). The Plaintiff was released from the BOP's custody on December 29, 2017. (Order of Directions to Clerk, ECF No. 61 at 3.) As a result, the Plaintiff's RFRA claim is now moot and the Court no longer has subject matter jurisdiction. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed. Indeed, dismissal is required because mootness is jurisdictional.") (internal citations omitted); *Westmoreland v. National Transportation Safety Board,* 833 F.2d 1461, 1462 (11th Cir. 1987) ("Federal courts do not have jurisdiction under the Article III 'Case or

Controversy' provision of the United States Constitution to decide questions rendered moot by reason of intervening events."). Any opinion by the Court as to the viability or merits of the Plaintiff's RFRA claim would therefore be a prohibited advisory opinion, *see Al Najjar*, 273 F.3d at 1338, so the Court does not adopt Judge White's discussion of the same. (Report, ECF No. 62 at 52–55.)

The Plaintiff argues in his sur-reply that his case should not be dismissed despite his release from custody because the issues he raised against the BOP are "systemic" and he intends to pursue his lawsuit as a class action "once the Defendants' Motion to Dismiss is denied." (Plaintiff's Sur-reply, ECF No. 55 at 2–3.) He acknowledges that his motion for class certification was previously denied, but argues that class certification can be considered by the Court once he obtains counsel. He contends that the mootness of his own claim should not prevent him from bringing a class claim against the BOP.

The Court disagrees with the Plaintiff and finds his arguments in support of reviving his claim unavailing. Although the Court acknowledges that a class action may proceed even if the named class plaintiff's individual claim is moot in certain circumstances, *see, e.g., Sosna v. Iowa*, 419 U.S. 393, 401 (1975), those circumstances are not present here. The First Amended Complaint presents no class claim on its face, the Court has not certified a class, and there is no motion for class certification pending before the Court. As a result, the mootness of the Plaintiff's individual claim precludes this case from proceeding. *See id.* at 398 (explaining that if the appellant had sued on her behalf instead of on behalf of a class, then her case would have been moot and dismissal would have been required).

In fact, Judge White denied the Plaintiff's motion for class certification. (Order on Motion for Class Certification, ECF No. 37.) Although Judge White's order should have been issued as a report and recommendation, *see* 28 U.S.C. 636(b), the Plaintiff did not seek relief from the Court or appeal the matter on this or any other basis. Nor did the Plaintiff obtain counsel since Judge White issued his opinion in May of 2017. Notwithstanding these facts, Judge White's rationale for denying the Plaintiff's motion for class certification was correct— the law in our circuit is that *pro se* litigants cannot serve as class representatives. *See, e.g., Bass v. Benton*, 408 F. App'x 298, 299 (11th Cir. 2011); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005). The Plaintiff cannot now claim that he will obtain counsel in the hopes of reviving his motion for class certification.

### C. Recommendations as to the Plaintiff's Previously Dismissed Claims

As previously noted, Judge White entertains arguments related to claims that the Court has already dismissed. For example, Judge White discusses whether the Court has personal jurisdiction over the individual defendants from Ft-Dix (Report, ECF No. 62 at 12–21), whether the Plaintiff has exhausted his remedies to bring claims against the individual defendants (*id.* at 21–40), the viability of the Plaintiff's claim for damages (*id.* at 42–44), the Plaintiff's *Bivens* claim (*id.* at 44–46), and whether the individual defendants have qualified immunity (*id.* at 46–52). The Court declines to adopt Judge White's discussion of claims that are no longer in dispute.

### 4. Conclusion

For these reasons, it is **ordered and adjudged** that Judge White's Report and Recommendation (**ECF No. 62**) is **adopted in part**. The Plaintiff's Final Amended Complaint is **dismissed** for lack of subject matter jurisdiction.

**Done and ordered**, in chambers, on March 9, 2018.

**Robert N. Scola, Jr.**
**United States District Judge**